UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| DONALD MALLORY, # 142119, | ) |
| Plaintiff, | ) Case No. 1:07-cv-878 |
| v. | ) Honorable Janet T. Neff |
| PAULETTE BRIGGS, et al., | ) **REPORT AND RECOMMENDATION** |
| Defendants. | ) |

This is a civil rights action brought *pro se* by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff's complaint concerns the opening outside of plaintiff's presence of two letters from this court addressed to the "Earnest C. Brooks Correctional Facility," in August and September 2006. Plaintiff named the prison's mailroom supervisor, Paulette Briggs, and three mailroom clerks, Dale Alexander, Mary Bruce and Rebecca Garugus, as defendants. Plaintiff alleges that defendants violated his rights under the First, Fifth, and Fourteenth Amendments. (Compl., ¶¶ 33, 37, 40, 44). Further, he alleges that defendants violated his rights under Michigan's constitution. (*Id.*). Plaintiff seeks an award of millions of dollars in damages against defendants in their individual capacities and injunctive relief against defendants in their official capacities. (*Id.* at 4, ¶¶ 15, 16, and at 7-8, ¶¶ 01-06).

The matter is before the court on defendants' motion for summary judgment. (docket # 21). The motion has been referred to me for issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, I recommend that defendants' motion

for summary judgment be granted, and that judgment be entered in defendants' favor on all plaintiff's federal claims. I further recommend that the court, in its discretion, decline to exercise supplemental jurisdiction over plaintiff's purported state-law claims.

**Applicable Standards**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *S.S. v. Eastern Ky. Univ.*, 532 F.3d 455, 452 (6th Cir. 2008). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Smith v. Williams-Ash*, 520 F.3d 596, 599 (6th Cir. 2008).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Helms v. Zubaty*, 495 F.3d 252, 255 (6th Cir. 2007). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Daniels v. Woodside*, 396 F.3d 730, 734 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252); *see Bridgeport Music, Inc. v. WB Music Corp.*, 508 F.3d 394, 398 (6th Cir. 2007).

**<u>Proposed Findings of Fact</u>**

The following facts are beyond genuine issue. On August 25, 2006, the Clerk of this court sent a letter addressed to the "Earnest C. Brooks Correctional Facility" in Muskegon Heights, Michigan. (docket # 1, Ex. 3A). Enclosed with this letter was a check for $22.84, which was a refund of an overpayment of a filing fee in case number 1:04-cv-137 (W.D. Mich.). The letter requested that officials at the prison credit the funds to plaintiff's prison account, and asked that they contact the Clerk if they had questions. On August 30, 2006, plaintiff sent a kite complaining that this letter from the "United States District Court for the Western District of Michigan" had been opened outside his presence. (docket # 1, Ex. 1).

On September 28, 2006, the Clerk sent a letter addressed to the "Earnest C. Brooks Correctional Facility." (docket # 1, Ex. 3B).[1] Enclosed with this letter was a check for $28.40,

---

[1] Paragraph 28 of plaintiff's complaint implies that there were more than two letters from this court. The court takes judicial notice of its own records. *See Lynch v. Leis*, 382 F.3d 642, 648 n. 2 (6th Cir. 2004); *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999). A review of the docket sheets in every case that plaintiff has filed in this court establishes that the August 25, 2006, and

refunding overpaid filing fees case number 1:04-cv-137. This letter asked that the funds be credited to plaintiff's prison account, and instructed prison officials to contact the Clerk if they had questions.

Plaintiff filed grievances complaining that the two letters were opened outside his presence. Plaintiff's grievances were denied, and he pursued unsuccessful appeals through Step III of the grievance process. (docket # 1, Exhibits 1B, 1C, 2A-2C).

**Discussion**

**1.**

Plaintiff alleges that the opening outside his presence of the two letters addressed to the prison, not to plaintiff, somehow violated his constitutional rights. Plaintiff's reliance on the Sixth Circuit's decision in *Sallier v. Brooks*, 343 F.3d 868, 877 (6th Cir. 2003) is misplaced. In that case, the court held that opening court mail *addressed to a prisoner* outside of his presence could have a chilling effect on a prisoner's rights. No federal court, including the United States Court of Appeals for the Sixth Circuit, has ever held that the Constitution guarantees that mail from a federal court addressed to a state prison can only be opened in the presence of a non-addressee prisoner. I find that defendants are entitled to judgment in their favor as a matter of law on all plaintiff's federal claims.

**2.**

Plaintiff asks the court to exercise supplemental jurisdiction over his state-law claims. "Supplemental jurisdiction is a doctrine of discretion, not of plaintiff's right." *Habich v.*

---

September 28, 2006 letters addressed to the prison were the only documents sent by the court during the relevant time frame.

*City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003). Generally, where all federal claims have been dismissed, federal courts decline to exercise supplemental jurisdiction over a plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3); *see also Brown v. Cassens Transp. Co.*, 546 F.3d 347, 363 (6th Cir. 2008); *Robert N. Clemens Trust v. Morgan Stanley DW, Inc.*, 485 F. 3d 840, 853 (6th Cir. 2007). There is no reason in this case to depart from the general rule.

### Recommended Disposition

For the foregoing reasons, I recommend that defendants' motion for summary judgment (docket # 21) be granted, and that judgment be entered in defendants' favor on all plaintiff's federal claims. I further recommend that the court, in its discretion, decline to exercise supplemental jurisdiction over plaintiff's purported state-law claims.

Dated:  March 30, 2009          /s/  Joseph G. Scoville
                                United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).